IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW DYER,                           :
(A36 545 160)                          :
         Petitioner             :      CIVIL NO. 4:CV-04-2716
                            :
     v.                                :      (Judge Jones)
                            :
R. HOLT, Warden,                        :
                            :
         Respondent             :

## O R D E R

July *11*, 2005

Petitioner, Andrew Dyer ("Petitioner" or "Dyer"), an inmate presently confined in the Allenwood Low Security Institution, White Deer, Pennsylvania, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Rec. Doc. 1). His Petition raises eighteen issues challenging his continued detention as well as his order of removal from the United States. The Respondent has filed a response to the Petition, as well as a Motion to Transfer the removal portion of Dyer's petition to the United States Court of Appeals for the Eleventh Circuit, pursuant to the REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005). (Rec. Docs. 11 and 12). No traverse has been filed. For the reasons set forth below, the Petitioner's challenge to his continued detention will be dismissed, and the Respondent's Motion to Transfer the removal portion of the Petition will be granted.

## BACKGROUND

On January 6, 1979, Petitioner, a native and citizen of Jamaica, entered the United States as an immigrant. (Rec. Doc. 11, Ex. A, Notice to Appear). On February 18, 1991, he was convicted of Petty Theft, in the Circuit Court for Polk County, Florida, in violation of Florida Statute § 812.014. (Rec. Doc. 11, Ex. B, Record of Conviction). He was sentenced to a ten day term of imprisonment. Id. On May 24, 1991, Dyer was convicted in the same court for Burglary and Possession of Burglary Tools, in violation of Florida Statute §§ 810.02 and 810.06. (Rec. Doc. 11, Ex. C, Record of Conviction). He was sentenced to a thirty-six to forty-two month term of imprisonment. Id. On July 1, 1994, Dyer was once again convicted in the Circuit Court for Polk County for the offenses of Robbery and Criminal Mischief, in violation of Florida Statute §§ 812.13 and 806.13. (Rec. Doc. 11, Ex. D, Record of Conviction). He was sentenced to a nine year term of imprisonment on the Robbery offense and to time served on the Criminal Mischief offense. Id.

As a result of Dyer's convictions, on September 24, 1998, the then Immigration and Naturalization Service ("INS") commenced removal proceedings against Dyer by filing a Notice to Appear. (Rec. Doc. 11, Ex. A). The Notice charged Dyer as removable from the United States pursuant to §§ 237(a)(2)(A)(ii) and (iii) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. §

2

1227(a)(2)(A)(ii) and (iii), as an alien who has been convicted of two crimes involving moral turpitude not arising out of a single scheme of conduct and as an alien convicted of an aggravated felony as defined in § 101(a)(43)(G) of the INA, 8 U.S.C. § 1101(a)(43)(G). Id.

On December 15, 1998, an Immigration Judge in Bradenton, Florida, found that there was no relief from removal available for Dyer and ordered him removed from the United States to Jamaica. (Rec. Doc. 11, Ex. E, Order). Dyer filed an appeal of the decision to the Board of Immigration Appeals. (Rec. Doc. 11, Ex. F, Decision of Board). On May 6, 1999, the Board of Immigration Appeals affirmed the Immigration Judge's decision. Id.

On May 12, 1999, Dyer was removed from the United States to Jamaica. (Rec. Doc. 11, Ex. G, Warrant of Removal/Deportation). He subsequently illegally re-entered the United States without inspection or authorization from the United States Immigration and Customs Enforcement ("ICE"). (Rec. Doc. 11, Ex. H, Notice of Intent/Decision to Reinstate Prior Order).

On February 3, 2004, Dyer was convicted in the United States District Court for the Middle District of Florida for the offense of Reentry of Deported Alien Previously Convicted of an Aggravated Felony, in violation of 8 U.S.C. § 1326(a). (Rec. Doc. 11, Ex. I, Middle District of Florida Docket Sheet). He was sentenced to

a fifty-seven month term of imprisonment.  Id. Dyer is currently in the custody of the

Bureau of Prisons, serving the remainder of his illegal re-entry conviction.  (Rec.

Doc. 11, Ex. J, Inmate Information Sheet).  On February 10, 2005, ICE reinstated

Dyer's 1999 order of removal.  (Rec. Doc. 11, Ex. H).

## DISCUSSION

Dyer raises eighteen grounds for relief in his Petition for Writ of Habeas

Corpus, (Rec. Doc. 1), the majority of which challenge his removal from the United

States.  To that end, the Respondent has filed a Motion to Transfer the petition to the

United States Court of Appeals for the Eleventh Circuit, pursuant to the REAL ID

Act of 2005, H.R. 1268, 109th Cong. (2005).  (Rec. Doc. 12).  Respondent contends

that "Section 106 of the REAL ID Act of 2005 amended section 242(a) of the INA

to provide that the sole and exclusive means to review an order of removal shall be

by petition for review in the applicable court of appeals.  H.R. 1268, 109th Cong.

(2005)(enacted), Pub.L.No. 109-13, Div.B, 119 Stat. 231." (Doc. 13, pp. 2-3).  The

amendment became effective on May 11, 2005.  Section 106(c) provides that "[i]f

an alien's case, brought under section 2241 of title 28, United States Code, and

challenging a final administrative order of removal, deportation, or exclusion, is

pending in a district court on the date of the enactment of this division, then the

district court shall transfer the case (or the part of the case that challenges the order

4

of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under section 242, except that subsection (b)(1) of such section shall not apply." Thus, Section 106(c) mandates the transfer of that portion of the petition that deals with Dyer's removal. Specifically, grounds two through ten, twelve through fourteen, seventeen and eighth of the petition will be transferred to the Eleventh Circuit Court of Appeals, the circuit where the Immigration Judge presided over the immigration proceedings and issued Petitioner's removal. The remaining issues will be addressed herein.

In grounds one, eleven and fifteen of his petition, Dyer argues that his reinstated order of removal and subsequent detention as a result of the removal order constitute double jeopardy. This argument is unpersuasive. As has been articulated by the United States Supreme Court, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." United States v. Salerno, 481 U.S. 739, 749 (1987). Deportation proceedings are

purely a civil action to determine the eligibility to remain in this country, not to punish an individual. Petitioner's past conduct is relevant only insofar as it may shed light on the Petitioner's right to remain here. He is not being adjudicated guilty or punished for any crime. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1038-39 (1984). Rather, the detention pending deportation can be rationally seen as a necessary requirement prior to the expulsion of an unwanted alien, and not a punitive decision. See Beltran-Leonard v. INS, No. 3-00-CV-2142-G, 2001 WL 1112552, at *4 (N.D. Tex. Sept. 7, 2001); Gisbert v. Attorney General, 9988 F.2d 1437, 1442 (5th Cir. 1993); Doan v. INS, 78 F. Supp.2d 1101, 1106 (S.D. Cal. 2000).

To the extent that these grounds also challenge Dyer's future detention by ICE, Dyer is currently in custody of the Bureau of Prisons serving his criminal sentence. As such, his petition for writ of habeas corpus seeking release from prison on the basis of future potential actions taken by the ICE against him is premature.

Moreover, to the extent that Petitioner seeks to challenge the legality of his present incarceration, a federal criminal defendant's conviction and, or sentence, are only subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. See, e.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). Thus, Dyer is free to file a § 2255 motion with the United States District Court for the Middle District of Florida, the court in which he was sentenced.

Finally, Dyer claims in ground sixteen that he qualifies for protection under the Americans with Disabilities Act.  Such a claim, however, is not properly raised in a petition for writ of habeas corpus, which is to be used only for challenges to either the fact or duration of a prisoner's confinement.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  Thus, the remainder of Dyer's Petition will be dismissed.

**THEREFORE IT IS HEREBY ORDERED THAT:**

1. The Petition for Writ of Habeas Corpus (Rec. Doc. 1) is DISMISSED without prejudice as to grounds one, eleven, fifteen and sixteen.

2. Respondent's Motion to Transfer (Rec. Doc. 12) is GRANTED.

3. The Clerk of Court is directed to TRANSFER the remaining claims contained within the  instant Petition to the United States Court of Appeals for the Eleventh Circuit.

4. The Clerk of Court is directed to close this case.

John E. Jones III
United States District Judge